IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY ALLEN FOX, | ) | |
| | ) | Case No. CV-05-282-S-BLW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| RANDY BLADES, Warden at Idaho | ) | |
| State Correctional Institution, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this case are Plaintiff's Motion for a Preliminary

Injunction (Docket No. 12), Motion for Amicus Curie Pro Se Informally (Docket

No. 13), Amended Complaint (Docket No. 14), and Amended Application for in

Forma Pauperis Status (Docket No. 15).  Having considered the written argument

of the parties, and having reviewed the record, the Court enters the following

Order.

**BACKGROUND**

On or about September 30, 2004, Plaintiff, an inmate at the Idaho State

Correctional Institution (ISCI), was hit during inmate movement by a medical

"golf cart" vehicle driven by an Idaho Department of Correction (IDOC) employee.

**ORDER  1**

Plaintiff alleges that he was injured by the cart, and that he was given inadequate medical treatment after the incident.  He asserts violations of the Eighth Amendment and state tort law.

## PENDING MOTIONS AND AMENDED COMPLAINT

### A.    Request for Preliminary Injunction

Plaintiff requests that the Court enter a preliminary injunction preventing Defendants from using motorized vehicles on the prison grounds except for emergency use, and from transferring him to other facilities until this case has been resolved.

A Rule 65 preliminary injunction may be granted if the moving party satisfies either the "traditional standard" or the "alternative standard" of law. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993). The traditional standard requires a demonstration of the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief.  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).  Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of

**ORDER  2**

irreparable injury, or (2) that serious questions are raised and the balance of hardships tip sharply in its favor. *Benda v. Grand Lodge of Internat'l. Ass'n. of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979). An irreparable injury is defined as an actual and concrete harm, or the imminent threat of an actual and concrete harm. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A threat of harm is not "imminent," if it is based upon remote possibilities or mere speculation. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 675 (9th Cir. 1988).

Where, as here, a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *See Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation and citation omitted). A court "is not obligated to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Board of Education*, 910 F.2d 1172, 1176 (3d Cir. 1990).

Defendants have responded by stating that they have established a new policy prohibiting motorized vehicles from being operated during inmate movement. *See Affidavit of Andrea Bickely*, at p. 4, Memo dated May 2, 2005,

**ORDER  3**

from Captain Cluney to All Staff (Docket No. 17, at p. 4).[1]  Defendants assert that

motorized vehicles are necessary for the orderly operation of the prison.  There are

no current complaints from other prisoners showing that there has been a problem

with motorized vehicles at ISCI since the new policy has been established.  Neither

does this Court recall any other lawsuits having been filed by an inmate alleging

similar problems.  Plaintiff has failed to show that he personally is in imminent

harm, that the balance of harm tips sharply in his favor, that irreparable injury will

occur if an injunction does not issue, or that the public interest favors granting

relief.

        The Court also declines to grant Plaintiff's request that an order issue

preventing his transfer until the conclusion of this case.  The Supreme Court has

cautioned the federal courts not to interfere with the day-to-day operations of the

prisons, especially those things related to security, a task that is best left to prison

officials who have particular experience in dealing with prisons and prisoners.  *See*

*Turner v. Safley*, 482 U.S. 78 (1987).  Residential placement of inmates implicates

security concerns.  If Plaintiff is transferred, he may seek extensions of time or

other necessary accommodations from the Court in order to be able to continue to

---

[1] Plaintiff filed an "Addendum to Reply" (Docket No. 22) but no reply is on record. Plaintiff may refile his reply if he intended to file one, and the court shall reconsider its decision on the preliminary injunction, if necessary.

**ORDER  4**

pursue his claims.

**B.      Amended Application for in Forma Pauperis Status**

Plaintiff's Amended Application for in Forma Pauperis Status requests that the Court reconsider a previous Order allowing Plaintiff to pay the filing fee in increments.  A "waiver" of all or part of a prisoner's filing fee is not permitted under 28 U.S.C. § 1915(b)(1).  Accordingly, Plaintiff's Application must be denied. Plaintiff's in forma pauperis status remains in place, and the Order requiring the prison to collect the $250.00 filing fee from Plaintiff, when and as funds are deposited in his account, remains in place.

**C.      Plaintiff's Amended Complaint**

Plaintiff has also filed an Amended Complaint.  The Defendants who were named in the original Complaint have answered the Amended Complaint.  The Amended Complaint names additional Defendant Correctional Medical Services for treatment received after July 11, 2005, and also names Defendant Jo Blakeslee and Defendant Davie Tomey as CMS employees (previously named only as Prison Health Services employees).  The Clerk of Court shall be instructed to effect service upon CMS for itself and Defendants Blakeslee and Tomey.

Plaintiff has also named the State of Idaho, Idaho State Correctional Institution (ISCI), and Governor Kempthorne as additional Defendants.  Plaintiff

**ORDER  5**

may not proceed against the State of Idaho or ISCI because they have sovereign

immunity under the Eleventh Amendment.  Plaintiff may not proceed against

Governor Kempthorne because there are no allegations of personal supervision or

participation in the alleged violations, and because any injunctive relief can be

adequately effectuated by Defendant Randy Blades.

**D.     Plaintiff's "Motion for Amicus Curie Pro Se Informally"**

Plaintiff requests that the Court "compel" the University of Idaho Legal Aid

Clinic to assist in his litigation.  This Court is without authority to compel any

attorney, including those supervising the Legal Clinic, to work on any case without

pay.  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298

(1989).  Therefore, the Motion is denied.  If it later appears that counsel is

required, the Court will request that attorneys from the University of Idaho or other

attorneys from the Court's Pro Bono Program represent Plaintiff.


**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for

a Preliminary Injunction (Docket No. 12) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Amicus

Curie Pro Se Informally (Docket No. 13) is DENIED.

**ORDER  6**

IT IS FURTHER HEREBY ORDERED that Plaintiff shall be permitted to proceed upon his Amended Complaint (Docket No. 14), except as against the State of Idaho, Idaho State Correctional Institution, and Governor Kempthorne.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Amended Application for in Forma Pauperis Status (Docket No. 15) IS DENIED insofar as it is a request for a waiver of fees. Plaintiff's in forma pauperis status remains in place, and the Order requiring the prison to collect the $250.00 filing fee from Plaintiff, when and as funds are deposited in his account, remains in place.

IT IS FURTHER HEREBY ORDERED that Defendants **CORRECTIONAL MEDICAL SERVICES, JO BLAKESLEE, and DAVID TOMEY**, shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(b). Accordingly, the Clerk of Court shall forward a copy of the Amended Complaint (Docket No. 14), and a copy of this Order, and a Waiver of Service of Summons to the following:

**Sherril Gantreaux**
**Corrections Corporation of America (CCA)**
**10 Burton Hills Boulevard**
**Nashville, TN 37215**

**ORDER  7**

Should any entity determine that the individuals for whom it was served are not, in fact, its employees or former employees, or that its attorney will not be appearing for particular former employees, it should notify the Court's Pro Se Unit immediately in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiff.

IT IS FURTHER HEREBY ORDERED that Plaintiff and all parties choosing to answer the Amended Complaint shall abide by the following pretrial schedule.

1. **Disclosure of Relevant Documents**: On or before **January 31, 2006**, the parties shall provide each other with a copy of relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure.  Any party may request that the Court conduct an in camera review of withheld documents or information.

2. **Completion of Discovery and Requests for Subpoenas**:  All discovery shall be completed on or before **June 30, 2006.**  Discovery requests must be made far enough in advance to allow *completion* of

**ORDER  8**

the discovery in accordance with the applicable federal rules *prior* to
this discovery cut-off date.  The Court is not involved in discovery
unless the parties are unable to work out their differences as to the
discovery themselves.  In addition, all requests for subpoenas duces
tecum (production of documents by nonparties) must be made by **May
31, 2006.**  No requests for subpoenas duces tecum will be entertained
after that date.

3.    **Depositions**:   Depositions, if any, shall be completed on or before
**June 30, 2006.**  If Defendants wish to take the deposition of Plaintiff
or other witnesses who are incarcerated, leave to do so is hereby
granted.  Any such depositions shall be preceded by ten (10) days'
written notice to all parties and deponents.  The parties and counsel
shall be professional and courteous to one another during the
depositions.  The court reporter, who is not a representative of
Defendants, will be present to record all of the words spoken by
Plaintiff (or other deponent), counsel, and any other persons at the
deposition.  If Plaintiff (or another deponent) wishes to ensure that the
court reporter did not make mistakes in transcribing the deposition
into a written form, then he can request the opportunity to read and

**ORDER  9**

sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

4.  **Dispositive Motions:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **August 31, 2006.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions. Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho. **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  No motion or memorandum, typed or**

**ORDER  10**

**handwritten, shall exceed 20 pages in length.**

DATED:  **October 28, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  11**