IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY ALLEN FOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-05-282-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RANDY BLADES, Warden at Idaho | ) | |
| State Correctional Institution, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

Pending before the Court in this case are various motions filed by the parties. Having considered the written argument of the parties, and having reviewed the record, the Court enters the following Order.

## BACKGROUND

**A.    History**

On or about September 30, 2004, Plaintiff, an inmate at the Idaho State Correctional Institution (ISCI), was hit during inmate movement by a medical "golf cart" vehicle driven by an Idaho Department of Correction (IDOC) employee. Plaintiff alleges that he was injured by the cart, and that he was given inadequate medical treatment after the incident. He asserts violations of the Eighth Amendment and state tort law.

The Court earlier denied Plaintiff's Motion for a Preliminary Injunction, wherein Plaintiff requested that the Court enter a preliminary injunction preventing Defendants

**ORDER  1**

from (1) using motorized vehicles on the prison grounds except for emergency use, or (2) from transferring him to other prison facilities until this case has been resolved. In response to the request for injunctive relief, Defendants asserted that motorized vehicles are necessary for the orderly operation of the prison. Defendants also asserted that they have established a new policy prohibiting motorized vehicles from being operated during inmate movement.

There have been no reports of other inmate injuries resulting from motorized vehicles. There have been no lawsuits in federal court arising from similar incidents. The Court denied Plaintiff's request because he failed to show that he is in imminent harm, that the balance of harms tips sharply in his favor, that irreparable injury will occur if an injunction does not issue, or that the public interest favors granting relief.

The Court also denied Plaintiff's request that an order issue that he not be transferred until the conclusion of this case. The Court does not interfere with the day-to-day operations of the prisons, especially those matters which relate to security.

**B.   Current Motions**

Plaintiff now requests that the Court reconsider its Order denying the preliminary injunction. In addition, Defendants request that Plaintiff's "golf cart" injury claims be dismissed because they are solely state law tort claims that are not substantially related to his deliberate indifference claims arising from his allegations that he did not receive proper medical treatment after he was injured. Plaintiff wishes to expand this suit with new causes of action and defendants, and the parties have filed various discovery

**ORDER  2**

motions.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.  Plaintiff's Motion to Augment Second Addendum (Docket No. 30) is GRANTED. The Court has considered the Affidavits of Plaintiff and two other inmates as to the use of maintenance carts and other vehicles at the prison

B.  Plaintiff's Motions for Reconsideration (Docket Nos. 31 and 32) are DENIED. As to Plaintiff's first Motion to Reconsider, the Court concludes that Plaintiff has not provided information that he or other inmates have been harmed by the use of carts and vehicles, only that inmates have to exercise care when encountering carts and vehicles. There is not sufficient evidence of "imminent harm" to warrant interference with the prison's day-to-day operations. Plaintiff alleges that his encounters with golf carts have been retaliatory; however, he has shown no connection between the employees driving the golf carts and these defendants. As a result, the Court sees no basis to reconsider its previous decision denying a preliminary injunction. As to Plaintiff's second Motion to Reconsider, there is no legal authority allowing the Court to waive Plaintiff's filing fee in a civil rights action. *See* 28 U.S.C. 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal *in forma*

**ORDER  3**

*pauperis*, the prisoner shall be required to pay the full amount of a filing fee.).  Plaintiff shall not file any further motions on the subject of a "fee waiver" in this action.

C. Plaintiff's Motions for Subpoena Duces Tecum (Docket Nos. 34, 41, AND 62) are DENIED for the following reasons:

1. A subpoena duces tecum may not be used to request that a person or entity create a document that does not already exist.  Therefore, all of Plaintiff's requests for "notarized statements" are improper.

2. Plaintiff's requests to the Idaho Transportation Department (ITD) can be made by letter.  Plaintiff has provided nothing showing that the ITD has any authority or interaction with golf carts being driven at the prison such that a subpoena duces tecum would be warranted.

3. Plaintiff's requests for information from William Mc Daniels is DENIED.  Plaintiff cannot seek items not in existence or not relevant to the subject matter of this action.

4. Plaintiff's requests for information from other inmates is DENIED, as Plaintiff cannot seek items not in existence.  The identity and written statements of any inmate witnesses known by IDOC and Defendants should be part of the Defendants' initial or supplemental disclosures in this matter.  Plaintiff may subpoena these witnesses for trial at a later date if this case is not dismissed by summary

**ORDER  4**

        judgment.

    5.    Plaintiff's requests for information from Mr. Siddoway is DENIED. Plaintiff cannot seek items not in existence, nor can he propound "requests for admissions" to witnesses via a subpoena duces tecum.

    6.    Plaintiff's requests for information from all persons listed in Docket No. 62 are DENIED. Plaintiff cannot seek items not in existence, nor can he propound "requests for admissions" or "interrogatories" to witnesses via a subpoena duces tecum. The IDOC Defendants should provide to Plaintiff by supplemental disclosure all IDOC documentation and information (not just documentation and information known to these particular IDOC employees) regarding any other incidents, prison policies, or correspondence regarding use of golf carts or other similar vehicles at the prison. If Defendants have no further documentation or information to disclose, they should send Plaintiff correspondence so stating.

D.    Plaintiff's Motion to Add Defendants (Docket No. 35) is GRANTED in part and DENIED in part. Plaintiff may amend his Complaint to add Michael J. McCary, the driver of the vehicle that struck him. Plaintiff may also amend his Complaint to add CMS R. Tucker, a medical official who allegedly denied him medical care. Plaintiff may not add prison personnel who failed to "correct" the vehicle use policy after Plaintiff's incident, because there is

**ORDER 5**

no causal connection between their actions and Plaintiff's injury. Plaintiff may not add retaliation claims or other new claims, but may assert them in a separate lawsuit, if desired.

E.  Plaintiff's Motion to Add Defendant (Docket 37) is MOOT as a result of Plaintiff's Motion to Quash Motion to Add Defendant (Docket No. 65), which is GRANTED.

F.  Defendants' Motion to Dismiss Plaintiff's State Tort Law Claims (Docket No. 43) is DENIED. Defendants argue that Plaintiff has merely alleged a state tort law claim regarding being hit by the golf cart, and that the claim is not substantially related to the federal medical indifference claim. Defendants overlook the fact that Plaintiff has brought his "golf cart" claim as an Eighth Amendment claim *and* as a state tort law claim. These two claims are substantially related. However, the Court clarifies that Plaintiff is not being permitted to assert any claims related to the allegation that, after Plaintiff's incident, Defendants have continued to use golf carts at the prison.

G.  Plaintiff's Motions to Compel (Docket Nos. 49, 55, and 58) are DENIED. The Court will not compel Defendants to answer requests for admissions or other discovery requests that are unclear because of the way they are drafted or because they are voluminous. The Court will allow Plaintiff to redraft and send 20 plainly-worded interrogatories to the IDOC Defendants (20

**ORDER  6**

    total for all Defendants) and 20 to the PHS Defendants (20 total), as well as 5 plainly-worded requests for production to the IDOC Defendants (5 total for all Defendants) and 5 to the PHS Defendants (5 total). Defendants are already required to provide Plaintiff with all relevant documentation regarding golf cart use and accidents at the prisons. Any documentation that may be considered a security or confidentiality risk may be lodged with the Court rather than provided to Plaintiff. If Defendants have already provided everything relevant under the broad scope of discovery to Plaintiff, then they should notify Plaintiff of the same.

H.  Defendants' Motion for Protective Order (Docket No. 60) is GRANTED in part, and DENIED in part, as stated above regarding Plaintiff's discovery requests.

I.  Defendants' Motion to Stay (Docket No. 64) is MOOT.

J.  Plaintiff's Motion to Appoint Counsel (Docket No. 66) is DENIED. There is insufficient evidence in the record to show that Plaintiff will be able to prevail on his constitutional claims. The Court will reconsider whether counsel should be appointed after the Court reviews the evidence provided on summary judgment.

K.  Defense counsel shall notify the Court in writing if they do not intend to represent Defendants McCary and Tucker. No formal amended complaint and no formal answer shall be required. Plaintiff's Motion to Amend

**ORDER  7**

(Docket No. 35) shall be considered a supplement to his Complaint, and Defendants may stand on the Answers filed earlier in this action.

L.  Plaintiff's Motion to Strike Defendants' Response (Docket No. 79) is DENIED.  The Court wishes to consider all parties' positions on the issues at hand, including the response of the IDOC Defendants.



DATED:  **February 6, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  8**